IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LARRY EDWIN PATTERSON,

      Plaintiff,

v.                                    Civil Action No. **3:24CV433**

CHADWICK DOTSON, *et al.*,

      Defendants.

**MEMORANDUM OPINION**

Plaintiff submitted this action in which he challenges the Virginia Parole Board procedures and decision not to release him on discretionary parole. By Memorandum Opinion and Order entered on June 25, 2024, the Court concluded:

These challenges are "more appropriately . . . brought as a civil rights complaint under 42 U.S.C. § 1983, rather than as a petition for a writ of habeas corpus under 28 U.S.C. § 2254." *Neal v. Fahey*, No. 3:07CV374, 2008 WL 728892, at *1 (E.D. Va. Mar. 18, 2008) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Strader v. Troy*, 571 F.2d 1263, 1266–69 (4th Cir. 1978)). This so because this Court could not order Plaintiff's release on parole. At most, this Court could direct the Virginia Parole Board to *reconsider* Plaintiff for release on Parole. The Court previously has informed Plaintiff that his challenges to the Parole Board's decisions and procedures must proceed by way of 42 U.S.C. § 1983. *See Patterson v. Kaine*, 3:08CV445, ECF No. 6, (E.D. Va. Aug. 25, 2008).

    Plaintiff has requested leave to proceed *in forma pauperis*. The pertinent statute provides:

In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has at least three other actions or appeals that have been dismissed as frivolous or for failure to state a claim. *See Patterson v. Kaine*, No. 3:08CV490, 2010 WL 883807, at *8 (E.D. Va. Mar. 11, 2010); *Patterson v. Kaine*, No. 7:08cv00284, 2008 WL 2795467, at *1–2 (W.D. Va. July 18, 2008) (explaining that the court had "reviewed the dockets in at least sixteen actions plaintiff has filed in the federal courts in Virginia" and found, as of that date, three cases that qualify as "strikes"); *Patterson v. Jenkins*, No. 7:01cv766 (W.D. Va. Oct. 31, 2002); *Patterson v. Coker*, No. 3:98cv238–JRS (E.D. Va. Jan. 13, 1999); *Patterson v. Garraghty*, No. 3:98cv197–JRS (E.D. Va. Aug. 11, 1998). Plaintiff's current complaint does not suggest that he is in imminent danger of serious physical

harm.  Accordingly, and his request to proceed *in forma pauperis* (ECF No. 2) will
be DENIED.  The action will be DISMISSED WITHOUT PREJUDICE.

(ECF No. 3, at 1–2 (alteration in original).)   Plaintiff has moved for reconsideration of that

Memorandum Opinion and Order because he insists that habeas corpus was the appropriate method

to bring his challenges.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should

be used sparingly."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)

(citation omitted) (internal quotation marks omitted).  The United States Court of Appeals for the

Fourth Circuit has recognized three grounds for relief under Rule 59(e):  "(1) to accommodate an

intervening change in controlling law; (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice."  *Hutchinson v. Staton*, 994 F.2d

1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419

(D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff apparently seeks relief under the third ground.  Plaintiff, however, fails to demonstrate

that the Court made a clear error of law or that reinstatement of his case is necessary to prevent a

manifest injustice.[1]  Accordingly, the Rule 59(e) Motion, (ECF No. 7), will be DENIED.  The

Clerk will be DIRECTED to refund the $5.00 submitted by Plaintiff to Plaintiff.

An appropriate Order shall accompany this Memorandum Opinion.

Date:  16  October 2024
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[1] By Memorandum Opinion and Order entered on October 2, 2024, the Court dismissed
additional frivolous challenges by Patterson for failure to release him on parole.  *Patterson v.
Youngkin*, No. 3:24CV186, 2024 WL 4374113, at *7 (E.D. Va. Oct. 2, 2024).